PROB 12C (Rev.2011)

# United States District Court
for
## Middle District of Tennessee
## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 133]

Name of Offender: Timothy A. Thompson        Case Number: 1:08-00010-02

Current Judicial Officer: The Honorable Todd J. Campbell, United States District Judge

Date of Original Sentence: November 12, 2010

Original Offense: 21 U.S.C. § 846, Lesser Included Offense of Conspiracy to Distribute and Possess with Intent to Distribute 5 Grams or More of Methamphetamine.

Original Sentence: 78 months' custody; 4 years' supervised release

Type of Supervision: Supervised Release        Date Supervision Commenced: January 16, 2014

Assistant U.S. Attorney: Brent A. Hannafan        Defense Attorney: **Caryll Alpert**

## PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant.
_x_ To consider additional violations/information

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other/Consider Additional Violations

Considered this 31 day of March, 2015, and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Jim Perdue
Deputy Chief U.S. Probation Officer

Place    Nashville, TN

Date     March 31, 2015

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket No. 133, has been amended as follows:

Violation No. 1 has been updated with additional information. Violation Numbers 2 and 3 have been added for the Court to consider. The compliance with conditions of supervision has been updated

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u> <u>Nature of Noncompliance</u>

1. <u>**The defendant shall refrain from any unlawful use of a controlled substance.**</u>

    Mr. Thompson has submitted urine specimens which tested positive for the use of methamphetamine on the following dates:

    | | | |
    |---|---|---|
    | September 10, 2014 | October 20, 2014 | February 3, 2015 |
    | September 22, 2014 | December 15, 2015 | |

    Mr. Thompson has admitted the use of methamphetamine following each time he submitted a positive urine specimen.

    **On March 30, 2015, the offender admitted that he recently used methamphetamine and that his urine test would be positive for use of the drug.**

2. <u>**The defendant shall participate in a program of drug testing and substance abuse treatment.**</u>

    **Mr. Thompson failed to report for substance abuse testing on February 25, 2015, March 4, 2015, and March 18, 2015.**

3. <u>**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**</u>

    On March 30, 2015, the offender was instructed to report that day and submit a urine specimen for testing. Mr. Thompson failed to report to the probation office as directed.

    **Mr. Thompson has failed to submit monthly supervision reports for the months of January, February, and March 2015.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Thompson began supervision on January 16, 2014. Mr. Thompson resides in Summertown, Tennessee, and is full time employed as a laborer. His employer reported he is a good dependable worker. Mr. Thompson has been attending outpatient substance abuse treatment on a regular basis. Mr. Thompson reports to the office as requested and provides urine specimens without reservation.

Although, the offender has denied using methamphetmine to other probation officers, he has been forthcoming with this officer and his treatment provider regarding his use of the drug. Mr. Thompson has refused inpatient substance abuse treatment and stated he could address his addiction through outpatient treatment.

**On March 30, 2015, Mr. Thompson agreed to enter inpatient treatment, but not until his employer completes their current construction project near the end of May 2015. The probation office is opposed to postponing his entry into treatment as he has admitted that he has recently been using methamphetamine, has failed to comply with urine testing, and has failed to submit monthly reports. Additionally, his employer advised he was operating a fork lift which may pose a risk to others if he is under the influence of illicit drugs.**

### Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:

It is respectfully recommended that a summons be issued for the appearance of Mr. Thompson to show cause why his supervised release should not be revoked.

Approved: _/s/ Jim Perdue_
              Jim Perdue, Deputy Chief
              U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. TIMOTHY THOMPSON, CASE NO. 1:08-00010-02

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** II

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B Felony) <br> *18 U.S.C. § 3583(e)(3)* | 4-10 months <br> *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment. <br> *18 U.S.C. § 3583(h)* | 2 to 5 years <br> *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Jim Perdue,
Deputy Chief U.S. Probation Officer